16-3061
Ye v. Barr

BIA
A098 718 081/307

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand nineteen.

PRESENT:
>       JON O. NEWMAN,
>       DENNIS JACOBS,
>       PIERRE N. LEVAL,
>           *Circuit Judges.*

———————————————————————————————————————

FANG YE, BO XIN CHEN,
>       *Petitioners,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

———————————————————————————————————————

16-3061
NAC

| | |
|---|---|
| FOR PETITIONERS: | Theodore N. Cox, New York, NY. |
| FOR RESPONDENT: | Joseph H. Hunt, Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Erik R. Quick, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

06152016-10

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Fang Ye and Bo Xin Chen, natives and citizens of the People's Republic of China, seek review of an August 29, 2016, BIA decision denying their motion to reopen their removal proceedings. *In re Fang Ye, Bo Xin Chen,* Nos. A098 718 081/307 (B.I.A. Aug. 29, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Petitioners moved to reopen their removal proceedings to present evidence of their claimed fear of persecution based on the births of their second child in the United States purportedly in violation of China's population control program.

It is undisputed that Petitioners' motion to reopen was untimely because it was filed more than five years after they were ordered removed. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply if the motion is to reopen proceedings in order to apply for

2

asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

We find no error in the BIA's determination that Petitioners failed to demonstrate materially changed country conditions related to the enforcement of the family planning policy. *See Jian Hui Shao*, 546 F.3d at 159-66, 169-73. Contrary to Petitioners' argument, a comparison of the BIA's 2011 decision denying asylum and its 2016 decision declining to reopen does not support a finding of changed conditions because in both decisions the BIA found that family planning officials in Petitioners' home province primarily used economic incentives and punishments to enforce the family planning policy and that "incidents of coercion . . . have been a longstanding concern . . . ." BIA op. at 3. Further, the BIA did not violate due process by recognizing recent country conditions evidence that the Chinese government intends to relax the family planning policy rather than make it stricter. *See Jian Hui Shao* at 166-68 (providing that it is well-settled that the BIA has the authority to

3

take administrative notice of country conditions in State Department reports (citing 8 C.F.R. § 1003.1(d)(3)(iv))).

Accordingly, because Petitioners did not establish a material change in conditions in China, the BIA did not abuse its discretion in denying their motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c). We do not reach the BIA's alternative basis for denying Petitioners' motion—their failure to establish prima facie eligibility for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

4